IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| Roy Alinsub and Millicent Viva, on behalf of themselves and on behalf of all others similarly situated, | ) ) ) ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    No. 05-2300 Ml/An |
| | ) |
| T-MOBILE and T-MOBILE USA, | ) |
| | ) |
|     Defendants. | ) |

---

### ORDER GRANTING MOTION TO REMAND REMOVED CASE

---

Before the Court is Plaintiffs' Motion to Remand Removed Case, filed June 3, 2005. Defendant T-Mobile USA filed a response in opposition on July 12, 2005. On January 19, 2006, the Court entered an order requesting that the parties submit supplemental memoranda on whether the amount-in-controversy requirement under 28 U.S.C. § 1332 has been satisfied in this case. Defendant[1] filed a supplemental memorandum on this issue on January 26, 2006. Plaintiff did not file a supplemental memorandum. For the reasons set forth below, Plaintiffs' motion is GRANTED.

---

[1] Plaintiffs sued "T-Mobile" and "T-Mobile USA." According to Defendant's Notice of Removal, filed April 25, 2005, the entity "T-Mobile" does not exist; it is merely a trade name used by the entity "T-Mobile USA." For purposes of this order, the Court will refer to the named defendants as "Defendant."

## I.  Background

Plaintiffs commenced the instant action by filing a
complaint in the Chancery Court of Shelby County, Tennessee, on
February 14, 2005.  According to the Complaint, Plaintiffs Roy
Alinsub and Millicent Viva bring this class action against
Defendant "for unfair, deceptive and unlawful trade practices and
conduct connected to [Defendant's] unauthorized and deceptive
billing and charging practices to individual consumers for text
messages sent outside of the United States."  (Compl. ¶ 1.)
Specifically, Plaintiffs allege that they contracted with
Defendant for cellular phone service, and Defendant promised
Plaintiffs that they would receive free text messaging capability
as part of this service.  In fact, Plaintiffs were charged "at
least $.15" per text message sent outside the United States.
(Id. ¶¶ 11-12.)  Plaintiffs allege that "these charges are made
in breach of the agreement between Plaintiffs and [Defendant] and
without prior approval of the Plaintiffs and other consumers[,]
and [Defendant is] requiring the Plaintiffs and other consumers
to pay these fees in order to continue their individual cellular
phone service or the service will be disconnected."  (Id. ¶ 13.)

The Complaint alleges causes of action for breach of
contract and unjust enrichment under the common law and the
Tennessee Consumer Protection Act of 1977, §§ 47-18-101, et seq.
(Compl. ¶¶ 14, 21-24.)  Plaintiffs claim that Defendant "should

-2-

be required to reimburse the Plaintiffs and each of the proposed unnamed plaintiff class members for all funds received for the repayment of the checks, including, but not limited to, principle [sic], interest, fees, and penalties, which are the subject matter of this suit, due to the inequitable, deceptive, and misleading practices as set forth herein." (Id. ¶ 19.) Specifically, Plaintiffs seek compensatory and statutory damages, treble damages, and reasonable attorneys' fees.  They also demand that Defendant "refund[] and reimburse to the Plaintiffs and each of the proposed class members all funds received by [Defendant] for text messages sent outside of the United States." (Id. ¶ 20.)  The Complaint also states that "Plaintiffs . . . have incurred damages that amount to less than the sum of Seventy-five Thousand Dollars and 00/100 ($75,000) per person as a consequence of Defendant's conduct.  This case may not, in good faith, be removed to federal court because no individual Plaintiffs' claims exceed the amount in [] controversy requirement . . . ." (Id. ¶ 10.)

On April 25, 2005, Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In its Notice of Removal, Defendant contends that removal is proper because complete diversity of citizenship exists between Defendant, a Delaware corporation, and Plaintiff Alinsub, a resident of Tennessee, and that the amount in controversy exceeds

$75,000.  (Notice of Removal ¶¶ 4, 13.)   Defendant contends that
the citizenship of the other named plaintiff, Millicent Viva,
should not be considered for purposes of diversity jurisdiction
because Ms. Viva has been fraudulently joined as a plaintiff in
this action.  Because the Court finds that Defendant has failed
to show that the amount in controversy satisfies the diversity
jurisdictional requirement, as set forth below, the Court does
not address Defendant's contention that Plaintiff Viva was
fraudulently joined.

## II.  Standard

A civil action brought in state court may be removed by
defendant if the action could have been brought there originally.
28 U.S.C. § 1441(a). "[S]tatutes conferring removal jurisdiction
are . . . construed strictly because removal jurisdiction
encroaches on a state court's jurisdiction." Brierly v.
Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir.
1999)(citation omitted).  Doubts about removal "should be
resolved in favor of remand to the state courts." Id.; see also
Nasco Inc. v. Norsworthy, 785 F. Supp. 707, 710 (M.D. Tenn.
1992)(noting that removal statutes "are to be strictly construed
. . . in favor of remand").

A federal district court has original jurisdiction of an
action between citizens of different states where the amount in
controversy exceeds $75,000, exclusive of costs and interest.  28

-4-

U.S.C. § 1332(a).  In diversity citizenship cases, "[t]he general federal rule has long been to decide what the amount-in-controversy is from the complaint itself, unless it appears or is in some way shown that the amount in the complaint is not claimed 'in good faith.'"  Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961)(quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).  In this case, Plaintiffs have expressly claimed less than $75,000 per person.  (Compl. ¶ 10 ("Plaintiffs . . . have incurred damages that amount to less than the sum of Seventy-five Thousand Dollars and 00/100 ($75,000) per person as a consequence of Defendant's conduct."))

"Generally, since the plaintiff is master of the claim, a claim specifically less than the federal requirement should preclude removal."  Gafford v. General Electric Co., 997 F.2d 150, 157 (6th Cir. 1993).  Removal may be proper, however, where the defendant can show a "reasonable probability" or "substantial likelihood" that the plaintiffs intend to seek damages in excess of $75,000.  Id. at 158.  "[A] defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements."  Id. at 155.

**III.  Analysis**

Defendant makes four arguments why the amount in controversy exceeds $75,000 in this case: (1) in the Sixth Circuit, putative class members' claims may be aggregated to meet the amount-in-

controversy requirement; (2) the putative class members' claims can be aggregated to satisfy the requirement because Plaintiffs' seek disgorgement of all funds received by Defendant for text messages sent outside the United States; (3) the cost to Defendant of complying with Plaintiffs' requested injunctive relief exceeds $75,000; and (4) Plaintiffs' claim for attorneys' fees satisfies the amount-in-controversy requirement.  (Def.'s Supp. Br. Regarding Amount in Controversy ("Def.'s Supp. Br.") 1-2.)  The Court will address Defendant's arguments in turn.

**A. Aggregation of Plaintiffs' Claims for Damages**

The well-settled rule in diversity class actions is that "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement."  Snyder v. Harris, 394 U.S. 332, 336 (1969).  The limited exception to this rule allows aggregation only "in cases where two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest."  Id.; see also Sellers v. O'Connell, 701 F.2d 575, 579 (6th Cir. 1969); Gavriles v. Verizon Wireless, 194 F. Supp. 2d 674, 680 (E.D. Mich. 2002).  A common and undivided interest exists when, "if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased."  Sellers, 701 F.2d at 579 (noting that "[w]here a group of plaintiffs litigate individual cash claims the amount of which

-6-

remain unaffected by the results obtained by fellow plaintiffs, the litigants may not aggregate their claims when alleging jurisdiction").

Defendant does not argue that Plaintiffs have a "common and undivided" interest in their claims for damages.  Rather, Defendant contends that "in this Circuit, the amount in controversy may be established by the aggregation of each putative class member's alleged damages."  (Def.'s Supp. Br. 4.)  Defendant relies solely on Olden v. LaFarge Corp., 383 F.3d 495 (6th Cir. 2004), for support.  As explained below, however, Defendant has misconstrued Olden's holding.

Olden holds that the Judicial Improvements Act, codified at 28 U.S.C. § 1367, overruled the Supreme Court's decision in Zahn v. Int'l Paper Co., 414 U.S. 291, 301 (1973), which held that claims of any plaintiff in a class action that failed to satisfy the requisite jurisdictional amount under 28 U.S.C. § 1332 must be dismissed from the case.  Olden, 383 F.3d at 506-07.[2]  The

---

[2] The issue of whether § 1367 overruled Zahn had divided the circuits, and shortly after Olden was decided, the Supreme Court addressed the split and resolved the debate in Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611 (2005).  In Exxon Mobil Corp., the Supreme Court agreed with the Sixth Circuit's conclusion in Olden and held that:

> [W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case

(continued . . .)

question before the Sixth Circuit in Olden was whether 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of class members that do not meet the amount-in-controversy threshold.  The issue was not whether original diversity jurisdiction under 28 U.S.C. § 1332 was proper; the parties had already agreed that the district court had jurisdiction over the claims of the named plaintiffs.  See Olden v. LaFarge Corp., 203 F.R.D. 254, 260 (E.D. Mich. 2001).[3]  As the court in Johnson v. Micron Technology, Inc., 354 F. Supp. 2d 736 (E.D. Mich. 2005), explained:

---

(. . . continued)

> or controversy, even if those claims are for less than
> the jurisdictional amount specified in the statute
> setting forth the requirements for diversity
> jurisdiction.

125 S.Ct. at 2615 (emphasis added)("This decision accords with the views of the Courts of Appeals for the Fourth, Sixth, and Seventh Circuits.")

[3] The district court's opinion noted that:

> The parties agree that the named plaintiffs meet the
> jurisdictional amount required under 28 U.S.C. § 1332.
> The plaintiffs concede that not all members of the
> putative class have claims that exceed $75,000.
> Likewise, the plaintiffs and LaFarge acknowledge that
> aggregation of damages is not proper in the instant
> case.  Therefore, the only issue is whether the
> supplemental jurisdiction statute permits the Court to
> retain jurisdiction even though some of the class
> members have claims which total less than the
> jurisdictional amount.

203 F.R.D. at 260.

The <u>Olden</u> opinion did not even address whether
original jurisdiction was established, since the
parties stipulated that the named plaintiffs met
all the requirements for original diversity
jurisdiction.  Original jurisdiction is
foundational to the exercise of supplemental
jurisdiction.  The question presented to the Court
in <u>Olden</u> was whether there was <u>supplemental</u>
jurisdiction over class members who did not meet
the statutory amount in controversy requirement.

354 F. Supp. 2d at 741-42 (emphasis in original).

Therefore, Defendant's reliance on <u>Olden</u> to support its

contention that "the class may aggregate damages" to meet the

amount-in-controversy requirement for original diversity

jurisdiction is misplaced.  "[A]t no point did the Court of

Appeals in <u>Olden</u> address aggregating claims of class members to

meet the requisite amount in controversy in order to establish

original jurisdiction under § 1332."  <u>Id.</u> at 743.  The Sixth

Circuit's holding in <u>Olden</u> did not alter the requirement that

defendants must establish original diversity jurisdiction,

including the amount in controversy, based only on the claims of

the named class plaintiffs.[4]  <u>Id.</u> at 741, 745-56 (remanding the

---

[4] The <u>Johnson</u> court explains that:

[a]t first blush based on the language used by the <u>Olden</u>
Court, one could conclude, as did Defendants here, that <u>Olden</u>
stands for the proposition that a class of plaintiffs need
not have one individual satisfy the diversity requirement to
establish original jurisdiction if the aggregate of all of
the class claims meet the $75,000 statutory minimum.  This,
however, is an incorrect reading of <u>Olden</u>. . . . Joining the
Fourth, Fifth, Seventh, Ninth, and Eleventh Circuits, the
<u>Olden</u> Court held that the text of § 1367 overruled <u>Zahn</u> and
<u>Finley</u>.  In their holdings, however, the other Circuits
clearly articulated the rule

(continued . . .)

-9-

class action because defendants failed to establish federal
jurisdiction by focusing erroneously on the potential damages of
the unnamed potential class members instead of those of the named
plaintiffs).

Here, Defendant has not argued that either of the named
plaintiffs' claims independently exceeds $75,000.  Defendant's
only argument is that, in the aggregate, the claims of the entire
class satisfy the jurisdictional amount.  As explained above,
this argument is without merit.  Defendant has thus failed to
establish the amount-in-controversy requirement under this
theory.

**B.  Aggregation of Plaintiffs' Claims for Unjust Enrichment**

Defendant next argues that Plaintiffs' claims of unjust
enrichment,[5] derive from a common and undivided interest and must

---

(. . . continued)
> regarding original jurisdiction (glossed over by the Court
> in <u>Olden</u>): it <u>must</u> be clearly established independently by
> one member of the plaintiff class and is a prerequisite to
> the exercise of supplemental jurisdiction.

<u>Id.</u> at 741 (emphasis in original).

[5] Plaintiffs' Complaint alleges that:

> Defendants were unjustly enriched when consumers paid for a
> cellular phone package which included free text messaging
> as part of that package.  Defendants then failed to provide
> free text messaging pursuant to the terms of the agreement.
> Plaintiffs and the Class were damaged by Defendants'
> actions.  Defendants' acts and omissions were the proximate
> and producing cause of damage to Plaintiffs and the class.
> Defendants must pay restitution to the class to disgorge
> this unjust enrichment.

(Compl. ¶ 21.)

be aggregated.  According to Defendant, the exception to the rule against aggregation——"in cases where two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest," <u>Snyder</u>, 394 U.S. at 336; <u>Sellers</u>, 701 F.2d at 579——applies here because Plaintiffs have a common and undivided interest in seeing that Defendant disgorge all of the funds it received for text messages sent outside the United States.  Since the amount it would cost Defendant to refund and reimburse all of the funds it has received for international text messages exceeds $75,000, the amount-in-controversy requirement has been met.  (Def.'s Supp. Br. 5-6.)[6]

The Sixth Circuit has not ruled on whether class members' claims for unjust enrichment may be aggregated to satisfy the amount-in-controversy requirement for diversity jurisdiction. While the "majority of federal courts"——including district courts within the Sixth Circuit——have held that such claims may not be aggregated for jurisdictional purposes, a minority have determined that claims for unjust enrichment brought by multiple plaintiffs fall under <u>Snyder</u>'s exception to the general rule against aggregation.  <u>See</u> <u>Harris v. Physicians Mut. Ins. Co.</u>, 240 F. Supp. 2d 715, 723-24 (N.D. Ohio 2003).  Defendant cites to the

---

[6] In support of its Notice of Removal, Defendant supplied the affidavit of Allyn Hebner, Vice President of Accounting for T-Mobile USA, which states that "[f]rom February 14, 1999 to the present, T-Mobile charged its customers, in the aggregate, more than $75,000 for text messages sent from the United States to a foreign country."  (April 22, 2005, Aff. of Allyn Hebner ¶ 4.)

opinions of three courts that have adopted the minority viewpoint on this issue to support its argument for aggregation——including one from a district court within the Sixth Circuit, <u>In re Cardizem Antitrust Litig.</u>, 90 F. Supp. 2d 819 (E.D. Mich. 1999). That case, however, is distinguishable from the instant action on its facts.

　　<u>In re Cardizem Antitrust Litig.</u> involved allegations that the defendants——prescription drug manufacturers——"violated various state antitrust and related laws" by conspiring and entering into "arrangements that have effectively prevented any lower-cost generic version of a prescription heart medication, known as Cardizem CD, from entering the United States marketplace."  90 F. Supp. 2d at 822.  The class action plaintiffs did not have contracts with the pharmaceutical companies from whom they sought disgorgement, and they did not seek compensatory damages.  Accordingly, the court found, the plaintiffs sought to compel the defendants to pay their improperly obtained monies "regardless of the actual damages proved by each plaintiff and regardless of the number of plaintiffs in the purported class[.]"  <u>Id.</u> at 826 (noting that the "possible recovery on this claim is either all or nothing").  Thus, the court concluded, <u>Snyder</u>'s exception to the general rule against aggregation applied "because the claim asserted is an integrated one and 'the disgorgement remedy would inure to the

benefit of the class rather than vindicate any alleged violations of individual rights.'"  90 F. Supp. 2d at 825-26 (quotation omitted).

In the instant action, on the other hand, Plaintiffs are suing for compensatory damages and disgorgement based on their individual agreements with Defendant and the particular text messaging fees that each incurred as a result of Defendant's alleged false advertising and breach of contract.  Each plaintiff has allegedly sustained damages "apart from any other plaintiff." Harris, 240 F. Supp. 2d at 724 (distinguishing In re Cardizem on basis that "the success of failure of the [plaintiffs' claim in that case] was inherently collective").  A successful claim for unjust enrichment in this case "would not result in a single, indivisible res" for Plaintiffs; rather, "each member of the putative class has a divisible interest" in the amount of money he or she was charged as a result of Defendant's allegedly unlawful acts.  See id. at 725 (remanding class action involving allegations of deceptive advertising, breach of contract, and unjust enrichment against defendant insurance companies that allegedly sold "worthless insurance policy riders to Ohio citizens" under individual contracts).  Because Plaintiffs seek to remedy individualized harms in the instant action, the court's reasoning in In re Cardizem Antitrust Litig., where the harm was

collective, is not applicable.  Defendant's reliance on this case
for support is misplaced.

Indeed, the majority of district courts in the Sixth Circuit
that have addressed the issue have determined that multiple
plaintiffs' claims for unjust enrichment cannot be aggregated to
satisfy the amount-in-controversy requirement for diversity
jurisdiction.  See, e.g., Harris, 240 F. Supp. 2d at 725; Pope v.
The Independent Order of Foresters, No. 3:01-626-S, 2002 WL
1733606, at *2 (W.D. Ky. July 23, 2002)(rejecting application of
Snyder's common fund exception because plaintiffs sought
individual reimbursement rather than disgorgement to a common
fund); Krieger v. Gast, 197 F.R.D. 310, 317 (W.D. Mich.
2000)(noting that plaintiffs' claims "do not arise from a unified
right or title, but rather from [their] individual ownership of .
. . stock" and thus concluding that aggregation of claims for
unjust enrichment and disgorgement would be improper under
Snyder); see also Nabal v. BJ's Wholesale Club, Inc., 2002 WL
32349137, at *3 (E.D. Pa. Aug. 2, 2002)(noting that although four
district courts have held that claims for unjust enrichment and
disgorgement may be aggregated, "most courts have taken the
opposite view[,]" including three courts of appeals); In re Ford
Motor Co./Citibank (South Dakota), N.A., Cardholder Rebate
Program Litig., 264 F.3d 952, 962 (9th Cir. 2001)(holding that
since credit cardholders suing issuers for termination of usage-

-14-

incentive program shared no common interest prior to litigation and each plaintiff could have sued individually, aggregating total requested amount of disgorgement to satisfy amount in controversy required for diversity jurisdiction was improper); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1264 (11th Cir. 2000)("The members of the Policyholder Class are asserting rights arising from their individual insurance policies, and if successful, they will recover the amount of excessive premiums each paid under his own policy.  The fact that this recovery may be obtained under an equitable theory of unjust enrichment does not convert separate and distinct claims for damages into a fund in which the class members have a common and undivided interest."); Gilman v. BHC Secs., Inc., 104 F.3d 1418, 1426-28 (2d Cir. 1997)(holding class action plaintiffs' claims for disgorgement were separate and independent and simply brought together for administrative convenience and thus denying request to aggregate claims for diversity jurisdiction purposes).

As one court has explained, the few cases that have allowed aggregation of disgorgement damages, such as In re Cardizem Antitrust Litig., have relied on a "flawed premise":

> If a class member does not collect his or her share of a restitution award, that share would not necessarily be distributed to the collecting class members.  In fact, a rule allowing aggregation in this case would create federal jurisdiction over every diversity class action that had a possibility of unclaimed funds, simply because a court might decide to

> distribute unclaimed funds <u>pro rata</u> to other
> class members.

<u>Nabal</u>, 2002 WL 32349137, at *5.  The "common fund exception," as
it is sometimes called, is usually—and more appropriately—
applied in cases "which involve a single indivisible res, such as
an estate, a piece of property (the classic example), or an
insurance policy" because "these are matters that cannot be
adjudicated without implicating the rights of everyone involved
with the res."  <u>Bishop v. General Motors Corp.</u>, 925 F. Supp. 294,
298 (D. N.J. 1996), <u>cited in</u>  <u>Gilman</u>, 104 F.3d at 1423.

    In this case, Plaintiffs have joined together in one action
to sue on separate and individual contracts under which they
incurred separate and individual fees for international text
messages.  Each plaintiff could have brought an action against
Defendant on an individual basis.  Plaintiffs' interests before
the lawsuit were not common and undivided and their claims
against Defendant for unjust enrichment do not now unite them.
As the Sixth Circuit has made clear, "[w]here a group of
plaintiffs litigate individual cash claims the amount of which
remain unaffected by the results obtained by fellow plaintiffs,
the litigants may not aggregate their claims when alleging
jurisdiction."  <u>Sellers</u>, 701 F.2d at 579.  Accordingly, the Court
finds that aggregating Plaintiffs' separate claims for unjust
enrichment to satisfy the jurisdictional amount in controversy is
not proper.

-16-

**C.  Plaintiffs' Claims for Injunctive Relief**

Defendant also argues that Plaintiffs' claims for injunctive relief independently satisfy the amount-in-controversy requirement.  Defendant contends that the expense of complying with the equitable relief Plaintiffs seek——which, according to Defendant, would entail creating new promotional materials and contracts——would exceed $75,000. (Def.'s Supp. Br. 7-8; Jan. 26, 2006, Aff. of Sydney Taylor ¶ 3.)

As a threshold matter, the Court notes that Plaintiffs' Complaint does not request injunctive relief.  Plaintiffs expressly request damages, disgorgement, and attorneys' fees. Nowhere in the Complaint do Plaintiffs request an injunction. Defendant, however, construes the last line of the Complaint——which requests "such other and further relief, whether at law or in equity, general or special, that this Court deems just and appropriate"——as a demand that Defendant create new promotional materials and redraft its contracts.  This passing reference to equitable relief cannot be transformed into a specific request for an injunction that satisfies Defendant's burden to establish that the amount in controversy exceeds $75,000.  See Gavriles v. Verizon Wireless, 194 F. Supp. 2d 674, 683 (E.D. Mich. 2002)(refusing to "re-write" class action plaintiffs' complaint to include claim for injunctive relief where complaint expressly stated equitable and declaratory relief

would not be appropriate because each class member had suffered financial losses). Even though Plaintiffs in this case have not expressly disavowed the appropriateness of injunctive relief in their Complaint, as in Gavriles, the Court has no basis upon which to ignore the Complaint's repeated requests for monetary damages and to convert this action into one for injunctive relief. See generally 11A Charles A. Wright, et al., Federal Practice and Procedure, § 2942 (noting that injunctive relief is not usually appropriate unless remedies at law are inadequate).

Moreover, even if Plaintiffs do seek the injunctive relief Defendant describes, the value of such relief sought must be valued from Plaintiffs' viewpoint, not Defendant's. See Nelson v. Assocs. Fin. Servs. Co., 79 F. Supp. 2d 813, 818 (W.D. Mich. 2000)("The majority of courts . . . have adopted the position that in class actions the plaintiffs' viewpoint should be followed. Were the court to consider the amount in controversy from the defendant's viewpoint, the rule against nonaggregation could be circumvented."); Southern States Police Benevolent Assoc., Inc. v. Second Chance Body Armor, Inc., 336 F. Supp. 2d 731, 736 (W.D. Mich. 2004)(reviewing cases and concluding that "the rule in the Sixth Circuit is that a request for injunctive relief must be valued from the plaintiff's viewpoint in determining the amount in controversy"). Defendant has not argued, much less established a reasonable probability, that the

-18-

value of the injunctive relief exceeds $75,000 from the
Plaintiffs' perspective.  Indeed, since the Complaint does not
actually seek injunctive relief, Defendant has failed to satisfy
its burden to establish the jurisdictional amount under this
theory.

**D.  Plaintiffs' Claims for Attorneys' Fees**

Finally, Defendant contends that the amount-in-controversy
requirement is satisfied by Plaintiffs' request for attorneys'
fees.  While statutory attorneys' fee awards may be considered in
determining whether the jurisdictional amount has been met, Clark
v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir.
1975), Defendant has not demonstrated, much less argued, that
there is a reasonable probability that the named plaintiffs'
attorneys' fee award will exceed $75,000.  Furthermore, as set
forth above, multiple plaintiffs' claims may not be aggregated
for jurisdictional purposes unless "two or more plaintiffs unite
to enforce a single title or right in which they have a common
and undivided interest."   Sellers, 701 F.2d at 579 (quoting
Snyder, 394 U.S. at 336).

Where the underlying class action involves the claims of
multiple plaintiffs, each suing on his or her own contract, the
plaintiffs do not possess a common and undivided interest in
their claims for attorneys' fees, and aggregation is not
appropriate.  See, e.g., Nelson, 79 F. Supp. 2d at 821 ("Where

-19-

each class member's right to attorney fees is based on the class member's separate and individual claim, attorney fees should not be aggregated."); (<u>Monroe v. CUNA Mutual Ins. Soc.</u>, 1999 WL 1078702, at *2 (W.D. Tenn. Oct. 6, 1999)(denying request to aggregate attorneys' fees to satisfy amount-in-controversy requirement because each plaintiff sued on own contract); <u>see also</u> <u>Farkas v. Bridgestone/Firestone, Inc.</u>, 113 F. Supp. 2d 1107, 1114 (W.D. Ky. 2000)("Allowing aggregated attorneys fees to determine the amount in controversy seems quite contrary to the clear mandate of <u>Sellers</u> and <u>Snyder</u>, unless the plaintiffs have common and undivided interest in that relief.  Otherwise a defendant could properly remove to federal court almost any class action with diverse parties.").  Accordingly, Defendant has failed to establish that Plaintiffs' claims for attorneys' fees satisfy the amount-in-controversy requirement for diversity jurisdiction.

**IV.   Conclusion**

For all of the reasons set forth above, the Court finds that
Defendant has failed to meet its burden to establish that
Plaintiffs' claims exceed $75,000, and therefore, that diversity
jurisdiction is proper under 28 U.S.C. § 1332.  Accordingly,
Plaintiffs' motion for remand is GRANTED.

IT IS SO ORDERED this 13th day of February, 2006.


/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE